United States District Court
Southern District of Texas
**ENTERED**
May 21, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| GAETAN PELLETIER, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 6:19-CV-0089 |
| § | |
| INTERBANK § | |
| and § | |
| REAL ESTATE HOLDINGS LLC § | |
| and § | |
| PATRICK R. LLOYD, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

Pending before the Court are the defendants', InterBank, Inc. ("InterBank"), motion to dismiss and memorandum in support (Dkt. Nos. 23 & 34), Tony Levatino ("Levatino"), motion to dismiss and memorandum in support (Dkt. Nos. 35 & 42), Real Estate Holdings, LLC ("REH"), motion to dismiss and memorandum in support (Dkt. Nos. 37 & 43), Patrick R. Lloyd ("Lloyd") and Thomas I. Higier ("Higier"), motion to dismiss and brief in support (Dkt. Nos. 39 & 46)[1] and Deana Tillotson ("Tillotson"),[2]

---

[1] Lloyd and Higier also move to dismiss the plaintiff's claims against them on the basis of attorney immunity, arguing that the plaintiff sued them as attorneys for InterBank and/or as substitute trustees. A dismissal on this basis is also warranted. *See Iqbal v. Bank of Am.*, 559 Fed. App'x 363, 365 (5th Cir. 2014) (finding law firm qualified for attorney immunity because it was retained to assist in the foreclosure and the actions complained of by the plaintiffs were in the scope of its representation); *see also Van Hauen v. Wells Fargo Bank, N.A.*, No. 4:12–CV–344, 2012 WL 4092590, at *1-3 (E.D. Tex. Aug. 16, 2012), report adopted, 2012 WL 4092516 (E.D. Tex. Sept.12, 2012) (finding defendant attorney was immune from suit where its only role in the facts supporting plaintiff's allegations is that it was acting as the substitute trustee and legal counsel for a scheduled foreclosure sale).

1 / 14

(collectively, the "defendants") motions to dismiss pursuant to Rules 12(b)(1), 12(b)(5) and 12(b)(6) and alternative motions for a more definite statement pursuant to Rule 12(e) and for judgment on the pleadings pursuant to Rule 12(c)[3] (Dkt. No. 44). The plaintiff, Gaetan Pelletier (the "plaintiff"), proceeding *pro se*, has filed responses in opposition to the defendants' motions. (Dkt. Nos. 31, 41 & 45). After having carefully considered the motions, responses, replies and the applicable law, the Court determines that each of the motions to dismiss should be **GRANTED** on the basis stated hereafter.

## II. FACTUAL BACKGROUND

This case concerns the plaintiff's challenge to the November 5, 2019, foreclosure sale of a 172-unit hotel and restaurant in Cuero, Dewitt County, Texas, commonly referred to as the TexInn (the "Property"). The plaintiff, a California resident, is the principal and owner of Pelletier Management and Consulting, LLC ("PMC"). InterBank extended three loans to PMC, as borrower, for construction of the Property on February 25, 2015, April 12, 2016 and March 31, 2017, in the amounts of $2,000,000.00 ("Note 1"), $500,000.00 ("Note 2") and $1,000,000.00 ("Note 3"), respectively (collectively, the

---

[2] As an alternative ground for dismissal, Tillotson moves to dismiss the plaintiff's claims against her pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process because she was not personally served with a copy of the complaint. She also avers that the proof of service filed by the plaintiff contains false information. (*See* Dkt. No. 44 at 8 – 9). Since the attempted service was untimely and invalid, and proper service under the circumstances would be futile, a dismissal pursuant to Fed. R. Civ. P. 12(b)(5) would also be appropriate. *See Kreimerman v. Casa Veerkamp, S.A. de C.V.,* 22 F.3d 634, 645 (5th Cir.), *cert. denied*, 513 U.S. 1016, 115 S. Ct. 577, 130 L.Ed.2d 492 (1994) ("A district court . . . has broad discretion to dismiss an action for ineffective service of process."); *see also Int'l Transactions, Ltd. v. Embotelladora Agral Regionmontana SA de CV*, 277 F. Supp.2d 654, 665 (N.D. Tex. 2002) (quoting *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)) ("Upon determining that process has not been properly served on a defendant, district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or simply quash service of process.").

[3] InterBank, Levatino and REH move to dismiss the plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) and assert alternative motions for a more definite statement pursuant to Fed. R. Civ. P. 12(e) and for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

"Notes"). Simultaneous with the execution of the Notes, PMC, as grantor, executed corresponding Deeds of Trust granting security interests in the Property to InterBank. The Deeds of Trust securing Notes 1, 2 and 3 were recorded in the real property records of Dewitt County, Texas on March 5, 2015 ("Deed of Trust 1"), April 26, 2016 ("Deed of Trust 2"), and April 7, 2017 ("Deed of Trust 3"), respectively.

The plaintiff maintains, as lessor, that prior to the closings of the loans, he executed a Ground Lease with PMC as lessee. The Ground Lease, however, was not recorded in the real property records of Dewitt County, Texas until April 12, 2018, after the Deeds of Trust were already recorded.

PMC subsequently defaulted on the loans due to its failure to make payments when due under the Notes. On June 1, 2018, InterBank and PMC entered into a Forbearance Agreement, which granted PMC a one-year period to complete the first phase of the hotel, along with relief from debt service payments on the loans. The Forbearance Agreement also provided PMC with an option to obtain permanent financing, provided that the permanent loan would be secured by a priority mortgage on PMC's Ohio property. Further, the Forbearance Agreement contained certain releases whereby PMC and the plaintiff, as guarantor, specifically agreed to "indemnify and hold harmless [InterBank] against any claim, action or cause of action . . . in connection with any of the representations and warranties [made therein]." On June 7, 2019, the Notes, Deeds of Trust, and Forbearance Agreement were assigned by InterBank to REH.

On June 25, 2019, REH and PMC entered into the Modification of Forbearance Agreement which granted PMC an additional sixty days to complete the first phase of

construction of the hotel, through August 26, 2019. By July 31, 2019, PMC had substantially completed the first phase of the hotel and obtained a Certificate of Occupancy from the City of Cuero. No permanent financing agreement, however, was ever consummated since the parties were unable to agree on the final requirements and conditions necessary to secure such financing. In the absence of such an agreement, PMC defaulted.

Following the issuance of the requisite notices, a non-judicial foreclosure sale of the Property was held on November 5, 2019, with REH taking possession of the Property as the highest bidder. Subsequently, the plaintiff commenced the instant action against the defendants contesting foreclosure of the Property, asserting a litany of claims, including claims for breach of contract, negligence, gross negligence, fraud, fraudulent inducement, fraud by nondisclosure, tortious interference with existing contract, duress and economic duress and seeking a declaration that the Forbearance Agreement is void and invalid.

The defendants now move to dismiss the plaintiff's claims on various grounds.

### III. STANDARDS OF REVIEW

#### A. Standard Under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) permits the dismissal of an action for the lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "If [a federal] court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 880 n.3 (3rd Cir. 1992) (citing *Rubin v. Buckman*, 727 F.2d 71, 72 (3d Cir.

1984)) (reasoning that "[t]he distinction between a Rule 12(h)(3) motion and a Rule 12(b)(1) motion is simply that the former may be asserted at any time and need not be responsive to any pleading of the other party.") Since federal courts are considered courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims. *See, e.g., Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). Therefore, the party seeking to invoke the jurisdiction of a federal court carries "the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008); *see also Stockman*, 138 F.3d at 151.

When evaluating jurisdiction, "a [federal] court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *MDPhysicians & Assoc., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *see also Vantage Trailers*, 567 F.3d at 748 (reasoning that "[i]n evaluating jurisdiction, the district court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations.") In making its ruling, the court may rely on any of the following: "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *MDPhysicians*, 957 F.2d at 181 n.2 (citing *Williamson*, 645 F.2d at 413).

### B. Standard Under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed.2d 929 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)).

In *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). In this regard, its review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). The Court may also, however, "take judicial notice of documents in the public record . . . , and may consider such documents in determining a motion to dismiss." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n. 2 (5th Cir. 2005) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 - 18 (5th Cir. 1996). "Such documents should be considered only for the purpose of determining

what statements [they] contain, not to prove the truth of [their] contents." *Lovelace*, 78 F.3d at 1018 (internal citation omitted). "If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, No. 08-40516, 2008 WL 5352000, *3 (5th Cir. Dec. 23, 2008) (citing *Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

## IV. ANALYSIS AND DISCUSSION

### A. The Defendants' Motions to Dismiss for Lack of Standing

As a threshold matter, the defendants collectively challenge, pursuant to their Rule 12(b)(1) motion, the plaintiff's standing to assert the claims alleged in the underlying action. *See* Fed. R. Civ. P. 12(b)(1). Specifically, the defendants assert that because the plaintiff is neither a party to the Notes, Deeds of Trust or Forbearance Agreements nor an intended third-party beneficiary of any of the operative documents at issue, he lacks standing to bring this lawsuit. "If a plaintiff lacks standing to bring a claim, the Court lacks subject matter jurisdiction over the claim and dismissal under Federal Rule of Civil Procedure 12(b)(1) is appropriate." *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 279 F.R.D. 395, 403 (S.D. Tex. 2011) (citations omitted).

To this end, "a plaintiff generally must assert his legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (quoting *United States v. Johnson*, 632 F.3d 912, 919 - 20 (5th Cir. 2011)). Therefore, when a defendant challenges ownership of legal rights held by a plaintiff and submits

evidence to debunk the plaintiff's claim, the plaintiff must prove by a preponderance of the evidence that he, in fact owns an interest in the legal claims. *Superior MRI Servs., Inc.*, 778 F.3d at 504. In this regard, the plaintiff has failed and subjects his lawsuit to dismissal. *Id.*

Here, the plaintiff disclaims ownership interest in PMC and, thereby, concedes that he is not the borrower on any of the loan documents. Instead, he argues that his third-party beneficiary standing is derived from the guaranty agreement and related documents. In Texas, in order "[t]o have standing to enforce a contract, one must be a party thereto." *Lakiesha v. Bank of New York Mellon*, No. 3:15-CV-0901-B, 2015 WL 5934439, at *3 (N.D. Tex. Oct. 9, 2015) (internal citations omitted). In other words, "a third party cannot enforce a contract if the third party benefits only incidentally from it.'" *Id.* (citing *Duque v. Wells Fargo, N.A.*, 462 S.W.3d 542, 547 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (quoting *City of Houston v. Williams*, 353 S.W.3d 128, 145 (Tex. 2011)). Rather, to have standing to enforce a contract, a third party must demonstrate that it is an intended beneficiary under the parties' agreement. *See First Bank v. Brumitt*, 519 S.W.3d 95, 102 (Tex. 2017). The Court holds that the plaintiff is not a party to the contract.

To establish that he is a third-party beneficiary, the plaintiff must prove that "the contracting parties intended to secure a benefit to that third party and entered into the contract directly for the third party's benefit." *Id.* (citing *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002) (internal quotation marks omitted). "[T]he fact that a person is directly affected by the [first and second] parties' conduct, or that he may have a substantial

interest in a contract's enforcement, does not make him a third-party beneficiary." *Lakiesha*, 2015 WL 5934439, at *8 (internal citations omitted).

It is undisputed that the Notes, Deeds of Trust and/or Forbearance Agreements are unambiguous and do not clearly express an intent to confer upon the plaintiff third-party beneficiary status. Although the plaintiff executed the loan documents in his capacity as chief executive manager of PMC, he was not a party to the parties' agreements and, therefore, lacks standing to enforce or complain about any alleged misconduct relating to them. *See Lakiesha*, 2015 WL 5934439, at *8 (holding that the plaintiff lacked standing to enforce rights under the subject note executed by her husband because she was not a party to the note, despite having executed the deed of trust). The Court concludes that the plaintiff lacks standing.

**B.** **The Defendants' Motions to Dismiss for Failure to State a Claim**.

Even assuming the plaintiff has standing, the plaintiff's Second Amended Complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**1.** **The Plaintiff's Claim for Breach of Contract**

With regard to his breach of contract claim, the plaintiff alleges that he had a "valid and enforceable [Forbearance Agreement] with InterBank to provide a permanent long-term loan on his property and for InterBank to pay off the SBA loan." (Dkt. No. 20 at ¶ 50). The plaintiff further asserts that he is the proper party to sue for breach of contract because he is the owner of the building, which constitutes his personal property. (*Id.* at ¶ 51). To prevail on a breach of contract claim under Texas law, proof of the following essential elements is required: "(1) the existence of a valid contract; (2)

performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.-Houston [14th Dist.] 2005, pet. denied)).

Indeed, the Notes, Deeds of Trust, Forbearance Agreement and Modification of Forbearance Agreement identify InterBank, and upon assignment, REH, as the Lender, and PMC, as the borrower. Though the plaintiff signed the Forbearance Agreements as guarantor and manager of PMC, as an individual, he is not empowered to seek affirmative relief in his own behalf. *See Hart v. First Fed. Sav. & Loan Ass'n*, 727 S.W.2d 723, 725 (Tex. App.—Austin 1987, no writ) (individual guarantor not entitled to seek affirmative recovery based on principal debtor corporation's statutory cause of action where cause of action is not assigned to guarantor). Accordingly, the defendants are entitled to a dismissal of the plaintiff's breach of contract claim.[4]

### 2. The Plaintiff's Tort Claims Generally

With regard to his negligence claims, the plaintiff asserts that the defendants "owed a duty of care to perform according to the terms of the [Forbearance Agreement]" and "breached their duties as reasonable prudent business people" by negligently handling the loan transactions and/or by omitting or providing bad information and bad

---

[4] In the absence of an existing contract, the plaintiff's tortious interference with an existing contract claim fails. *See Fluorine On Call, Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 864 (5th Cir. 2004) (recognizing that under Texas law, the elements of a tortious interference with a contract claim are: "(1) the existence of a contract subject to interference; (2) a willful and intentional act of interference; (3) such act was a proximate cause of damage; and (4) actual damage or loss occurred.")

documents at the inception and throughout the loan process. (Dkt. No. 20 at 23 - 28). The plaintiff asserts similar allegations in support of his claims for fraud. (*Id.* at 29 - 37).

Texas law disfavors contorting breach of contract claims into tort claims. *Quintanilla v. K-Bin, Inc.*, 993 F. Supp. 560, 563 (S.D. Tex. 1998) (internal citation omitted); *Heller Fin., Inc. v. Grammco Computer Sales, Inc.*, 71 F.3d 518, 527 (5th Cir. 1996) ("As a general rule, the failure to perform the terms of a contract is a breach of contract, not a tort.") (internal citations omitted). The "economic loss rule" provides that "mere nonfeasance under a contract creates liability only for breach of contract" and "tort damages are generally not recoverable unless the plaintiff suffers an injury that is independent and separate from the economic losses recoverable under a breach of contract claim." *Medistar Twelve Oaks Partners, Ltd. v. Am. Econ. Ins. Co.*, No. H-09-3828, 2010 WL 1996596, at *7 (S.D. Tex. May 17, 2010) (quoting *Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 13 (Tex. 1996) (other citations omitted)).

The plaintiff's negligence[5] and fraud[6] claims are simply repackaged contract claims because the sole potential basis for the plaintiff's suit is to recover economic

---

[5] "Under Texas law, the elements of a negligence claim are (1) a legal duty on the part of the defendant; (2) breach of that duty; and (3) damages proximately resulting from that breach." *Lane v. Haliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (quoting *Sport Supply Grp., Inc. v. Columb. Cas. Co.*, 335 F.3d 453, 466 (5th Cir. 2003)). "[N]o special relationship [exists] between a mortgagor and mortgagee." *Collier v. Wells Fargo Home Mortg.*, No. 7:04–CV–086-K, 2006 WL 1464170 at *8 (N.D. Tex. May 26, 2006) (citing *UMLIC VP LLC v. T & M Sales and Envtl. Sys., Inc.*, 176 S.W.3d 595, 612 (Tex. App.-Corpus Christi 2005, pet. denied)). "Absent a 'special relationship,' any duty to act in good faith is contractual in nature and its breach does not amount to an independent tort." *UMLIC*, 176 S.W.3d at 612 (citations omitted). Accordingly, there is no duty of care that would support a claim of negligence by the plaintiff against the defendants because any duty to act in good faith is solely premised upon the Notes, Deeds of Trust and/or Forbearance Agreements.

losses. *Id.* There are no pleadings that evinces an independent and separate claim for damages beyond the economic losses. *Id.*

### 3. The Plaintiff's Claims for Duress and Economic Duress

The plaintiff further asserts that he has suffered "duress and economic duress" due to "threats, bad acts, fraud and deception" and that his "free agency [was destroyed and] left him at the Lender's mercy, without a present means for protection." (Dkt. No. 20 at ¶ 109.). Under Texas law, economic duress includes: (1) a threat to do something which a party threatening has no legal right to do; (2) an illegal exaction or instance of fraud or deception; and (3) imminent restraint sufficient to destroy free agency without means or protection. *King v. Bishop*, 879 S.W.2d 222, 223 – 24 (Tex. App.---Houston [14th Dist.], May 19, 1994). Once again, the plaintiff's allegations are insufficient to state a claim beyond a claim for economic losses. Thus, the defendants are entitled to a dismissal of the plaintiff's claim for economic duress.

### 4. The Plaintiff's Claim for Declaratory Relief

---

[6] "To prevail on a fraud claim under Texas law, a plaintiff must prove that (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; (4) the plaintiff actually and justifiably relied upon the representation; and (5) the plaintiff thereby suffered an injury." *Felder v. Countrywide Home Loans*, No. H-13-0282, 2013 WL 6805843, *19 - 20 (S.D. Tex. Dec. 20, 2013) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life. Ins. Co.*, 51 S.W.2d 573, 577 (Tex. 2001)). Further, "Rule 9(b) requires that plaintiffs plead enough facts to illustrate 'the 'who, what, when, where, and how' of the alleged fraud.'" *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2005) (citing *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)). Here, the plaintiff's fraud claim also fails for lack of specificity. Indeed, the plaintiff has not only failed to plead the "time, place, and contents of the false representations" but he has also failed to provide the identity of the individuals making these misrepresentations or supplying the bad information. *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993) (citing *Tel–Phonic Services, Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) ("At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.")).

Lastly, the plaintiff seeks a declaration from this Court that the Forbearance Agreements are null and void and, therefore, the parties should be returned to "their status quo position" prior to the Agreements. (*See* Dkt. No. 20 at 41 – 42.). Declaratory relief, however, is a form of relief grounded on underlying claims. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n. 3 (5th Cir. 1996) (reasoning that declaratory relief is a procedural device and does not establish any substantive rights or causes of action). Because there is no viable underlying claim, declaratory relief is not a basis for relief. Therefore, the plaintiff's substantive claims for relief fail, the plaintiff's claim for declaratory relief is dismissed.

## V.  CONCLUSION

Based on the foregoing, the defendants' motions to dismiss are **GRANTED**. All other relief not expressly granted is hereby **DENIED**.

It is so Ordered.

SIGNED on this 20th day of May, 2020.

_____
Kenneth M. Hoyt
United States District Judge